UNITED STATES DISTRICT COURT
<u>FOR THE WESTERN DISTRICT OF NEW YORK</u>

BARBARA MAEDER,

                Plaintiff,

vs.

PARAMOUNT RECOVERY SERVICES, INC.

                Defendant.

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

### *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### *PARTIES*

3. Plaintiff, Barbara Maeder, is a natural person residing in Buffalo, New York.

4. Defendant, Paramount Recovery Services, Inc. (hereinafter referred to as "Paramount"), is a foreign corporation organized and existing under the law of the state of Texas and is a debt

1

collection agency engaged in the business of collecting consumer debts in this state with its principal place of business located at 111 E. Center St. / P.O. Box 788 Lorena, Texas 76655. The principal purpose of Paramount is the collection of consumer debts in this state and Paramount regularly attempts to collect debts alleged to be due another.

5. Defendant Paramount is engaged in the collection of debts from consumers using the mail and telephone. Defendant, Paramount, regularly attempts to collect consumer debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *FACTUAL ALLEGATIONS*

6. Within the last year, Defendant, Paramount, contacted Plaintiff, Barbara Maeder, by leaving multiple messages on her cellular telephone. In these messages, Plaintiff would state that Defendant must return their call, as the call was in reference to a "claim" that she filed in their office. Plaintiff never filed any such claims in Defendant's office. In effect, Defendant, by providing said messages, was attempting to imitate a different type of business, and therefore was using a deceptive means to trick Plaintiff into calling Defendant back. Said calls were made by Defendant in an attempt to deceive Plaintiff into paying an alleged consumer debt.

7. On another occasion, Defendant, Paramount, called Plaintiff's neighbor. Defendant told Plaintiff's neighbor that the latter's phone was not working and that they could not get in contact with her. They then asked the Plaintiff's neighbor to convey a message to Plaintiff to return the call. Leaving this aforementioned message with the neighbor was wholly unnecessary, as there was never any problem with Plaintiff's phone. Defendant was contacting the neighbor as a way

to embarrass the Plaintiff -- since they are a collection agency in the business of collecting debts -- and coerce her to pay the alleged debt.

8.  Due to the numerous and excessive calls to Plaintiff's cellular telephone, Plaintiff also worried that she would receive large bills due to the exhaustion of her daytime minutes.

9.  As a result of the aforementioned acts outlined above, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

## *FIRST CLAIM FOR RELIEF*

10.  Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through nine (9) above.

11.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

12.  Defendant violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

13. Defendant violated 15 U.S.C § 1692e by causing a bombardment of harassing telephone calls to Plaintiffs' mobile telephone.

14.  Defendant violated 15 U.S.C § 1692c(b) by contacting the Plaintiff's neighbor.

WHEREFORE, Plaintiff, Barbara Maeder, respectfully requests that judgment be entered against Defendant, Paramount, for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

B.  Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Barbara Maeder, demands trial by jury in this action.

Dated: September 1, 2011

/s/ Jason A. Shear
Jason A. Shear, Esq.
Brent & Shear, P.C.
3957 Main Street, Second Floor
Amherst, New York 14226
Phone: (716) 831-1111
Email: jshear@shearlawfirm.com

/s/ Carol A. Brent
Carol A. Brent, Esq.
Brent & Shear, P.C.
3957 Main Street, Second Floor
Amherst, New York 14226
Phone: (716) 831-1111
Email: cbrent@brentandshear.com